IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Delvin Macedo, | ) | Case No. 8:18-cv-03174-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Newberry County Sheriff's Office; Kaye Epps-Williams; Lieutenant Pete Johnson, Sr., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 18. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 18, 2020, the Magistrate Judge issued a Report recommending that Defendants' Motion be granted as to Plaintiff's federal cause of action and that the remaining state law claims be remanded. ECF No. 29. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 30, 32.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court notes that Plaintiff is not proceeding pro se as stated in the Report. All parties agree that this error does not affect the substantive analysis of the Report.

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends that summary judgment be granted as to Plaintiff's federal claim—that he was subjected to wrongful arrest and prosecution in violation of the Fourth Amendment— and that the remaining state law claims be remanded. She determined that probable cause existed to arrest Plaintiff for public disorderly conduct[1]; accordingly, the Motion should be granted as to Plaintiff's federal claim.

---

[1] Plaintiff was arrested for disorderly conduct, possession of a stolen license tag, and failure to register a vehicle. The Magistrate Judge focuses on the disorderly conduct charge and concludes at the end of the Report that it is unnecessary to address the

2

Plaintiff objects and argues that probable cause did not exist to arrest him. He contends that Defendant Johnson averred that he was unable to testify as to the details regarding the disorderly conduct because he was not present for the events and relied on the statements of fellow-officer Defendant Epps-Williams. He further contends that Epps-Williams testified that Plaintiff did not direct any profanity at her and did not testify that anyone told her that he used profanity during the events in question. Plaintiff argues that evidence supporting his arrest, therefore, does not exists.

To state a claim for false arrest or malicious prosecution pursuant to the Fourth Amendment, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). "Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest." *Brown v. Gilmore*, 278 F.3d 362, 367, 367 (4th Cir. 2002) (citing *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988)). Probable cause requires only "enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id*. at 367–8 (citing *Wong Sun v. United States*, 371 U.S. 471, 479 (1963)). "Two factors govern the determination of probable cause in any situation: 'the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.'" *Id*. at 368 (quoting *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992)). The

---

remaining two charges. Neither party has objected to this analysis; accordingly, the undersigned will also primarily focus on the disorderly conduct charge.

3

relevant inquiry in the Fourth Circuit regarding the facts known to the officer is what was reported to the officer. *See Street v. Surdyka*, 492 F.2d 368, 372 (4th Cir. 1974) ("We do not think the fourth amendment should now be interpreted to prohibit warrantless arrests for misdemeanors committed outside an officer's presence.")

The Court finds there is sufficient evidence in the record to support a finding that there was probable cause to arrest Plaintiff for disorderly conduct.[2]  As noted by the Magistrate Judge, there were reportedly statements made by several people at the church on the day Plaintiff was arrested that Plaintiff had used profanity within hearing distance of the church as recorded in the incident report.  Plaintiff's unsupported allegation that no such statements were ever made because, in testimony provided more than three years after the arrest, Defendant Johnson could not remember the names of the people at the church who reported the relevant conduct, is insufficient to preclude a finding of summary judgment. [3]   *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985),

---

[2] At the time of Plaintiff's arrest, S.C. Code Ann. § 16-7-530 provided that, "Any person who shall . . . (b) use obscene or profane language . . . in hearing distance of any schoolhouse or church . . . shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars or be imprisoned for not more than thirty days."  A new version of the relevant statute became effective on June 25, 2019.

[3] The Court notes the provided testimony of Defendant Epps-Williams that she could not "recall [that] he cussed at me or anything, but he kept getting in my face . . . ." ECF No. 30-2 at 3.  However, as noted by the Magistrate Judge, "[w]hether probable cause [to believe that a criminal offense has been or is being committed] exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).  Accordingly, it was the facts known to the arresting officer at the time of Plaintiff's arrest which are relevant in the present action.  As pointed out by Plaintiff's counsel, the testimony of Defendants is inconclusive three years after

*overruled on other grounds,* 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).[4]

The Magistrate Judge further recommends that, because Plaintiff failed to demonstrate that the officers violated his constitutional rights, they are entitled to qualified immunity as to the § 1983 claims to the extent it is alleged against them in their individual capacities.  No party has objected to this recommendation.  Accordingly, upon review for clear error, the Court adopts this portion of the Magistrate Judge's Report.

## CONCLUSION

Accordingly, the Court adopts the Reports of the Magistrate Judge and overrules Plaintiff's objections.  Defendants' Motion for summary Judgment [18] is **GRANTED** as to Claim 5; Plaintiff's state law claims are REMANDED to the Court of Common Pleas for Newberry County, South Carolina.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 30, 2020
Spartanburg, South Carolina

---

the fact; however, the incident report supports a finding that there was probable cause to arrest Plaintiff.

[4] Moreover, the Court finds that, even if there were evidence proffered to show that the report of Plaintiff's profane language was fabricated, there is sufficient evidence in the record to establish that Defendants had probable cause to arrest Plaintiff pursuant to S.C. Code Ann. §§ 16-13-180 and 56-3-150.